```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
LOUIS DIEZ,
                    Plaintiff,
         -against-                      MEMORANDUM AND ORDER
                                        09-CV-2390 (JS)(WDW)
WASHINGTON MUTUAL BANK,
(in the process of becoming
JPMorgan Chase Bank, N.A.)

                    Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff:    Louis Diez, pro se
                  25 South 2nd Street
                  Bethpage, NY 11714

For Defendant:    Justin F. Capuano, Esq.
                  Cullen and Dykman, LLP
                  100 Quentin Roosevelt Boulevard
                  Garden City, NY 11530
```

SEYBERT, District Judge:

On March 19, 2010, Defendant answered Plaintiff's pro se Complaint. See Docket No. 14. Nearly eight months later, on November 18, 2010, Defendant inexplicably moved to dismiss under FED. R. CIV. P. 12(b)(6) and (7). See Docket No. 43.

That motion is presently pending. Plaintiff has not yet formally opposed it. No matter. By answering, Defendant waived its right to seek dismissal under Rule 12(b). See Rule 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed").

Accordingly, this motion is DENIED.[1]  In addition, the Court warns Defendant's attorneys that, before moving again under Rule 12(b), they should probably read the rule itself.  Any similar motions in the future may result in the Court imposing sanctions under FED. R. CIV. P. 11(b)(2).

SO ORDERED.

/s/_____
Joanna Seybert, U.S.D.J.

Dated:   Central Islip, New York
         December 21, 2010

---

[1] See, e.g., Grafas v. TSK Franchise Systems, Inc., 09-CV-4914, 2010 WL 2301295, at *1, 2010 U.S. Dist. LEXIS 54497, at *2 (E.D.N.Y. June 2, 2010) (a post-answer Rule 12(b)(6) motion is "improper"); Federal Ins. Co. v. M/V Villr D'Aquarius, 08-CV-8997, 2009 WL 3398266, *3 (S.D.N.Y. 2009) (Rule 12(b)(6) motion cannot be made after an answer); Leonard v. Enterprise Rent a Car, 279 F.3d 967, 971 n.6 (11th Cir. 2002).