```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
LOUIS DIEZ,

                         Plaintiff,         MEMORANDUM & ORDER
                                            09-CV-2390(JS)(WDW)
         -against-

WASHINGTON MUTUAL BANK,

                         Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:       Louis Diez, pro se
                     25 South 2nd Street
                     Bethpage, NY 11714

For Defendant:       Justin F. Capuano, Esq.
                     Cullen and Dykman, LLP
                     100 Quentin Roosevelt Boulevard
                     Garden City, NY 11530
```

SEYBERT, District Judge:

Pro se Plaintiff Louis Diez ("Plaintiff" or "Diez") commenced this action on May 27, 2009 against JP Morgan Chase Bank, N.A. s/h/a Washington Mutual Bank ("Defendant" or "Chase") asserting claims arising out of two mortgages he entered into on or about September 23, 2005. Pending before the Court is Defendant's motion for summary judgment. For the reasons that follow, Defendant's motion is GRANTED.

BACKGROUND

I. Factual Background[1]

In September 2005, Plaintiff purchased property located at 25 South 2nd Street, Bethpage, New York. The closing occurred on September 23, 2005, at which time Plaintiff executed and delivered two mortgages and two notes in favor of the lender, Washington Mutual Bank ("WaMu").[2] (Def. 56.1 Stmt. ¶¶ 11-12; Capuano Aff. Exs. H, I.) Plaintiff, in his Complaint, asserts that: (1) he was represented by the Bank's attorney at the closing, causing a conflict of interest; (2) "[h]and-written notes on contracts during the closing were not displayed" to him; (3) his "initial lawyer did not obtain permits or certificates of occupancy for improper house additions;" (4) he was under "undue duress" at the closing because the seller arrived late; (5) the appraiser's signatures were forged; (6) he was sold the house "under fraudulent conditions" (without specifying what those conditions were); and (7) he was "repeatedly supplied with false material and oral misrepresentation (fraud) and/or misstatements by Washington

---

[1] The following facts are drawn from the parties' Local Civil Rule 56.1 Statements ("56.1 Stmt.") and their evidence in support. Any relevant factual disputes are noted.

[2] The lender at the time of the closing was actually Long Beach Mortgage Company, however, WaMu merged with Long Beach Mortgage Company and became the successor-in-interest shortly after the closing. (See Capuano Aff. Ex. B at 2.)

Mutual Bank (WaMu) when trying to refinance his current two mortgage loans." (Compl. ¶ III.) Notwithstanding the alleged fraud, Plaintiff made payments under the mortgages for years after the closing. (Def. 56.1 ¶ 41.)

On September 25, 2008, the United States Office of Thrift Supervision ("OTS") seized WaMu and placed it into the receivership of the Federal Deposit Insurance Corporation ("FDIC"). (Def. 56.1 Stmt. ¶ 9; Capuano Aff. Ex. C.) That same day, the FDIC sold the assets and certain liabilities of WaMu to Chase pursuant to a written Purchase and Assumption Agreement (the "Agreement"), which provides, in relevant part:

> **Borrower Claims.** Notwithstanding anything to the contrary in this Agreement, <u>any liability associated with borrower claims for payment of or liability to any borrower for monetary relief, or that provide for any other form of relief to any borrower,</u> whether or not such liability is reduced to judgment, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, legal or equitable, judicial or extra-judicial, secured or unsecured, whether asserted affirmatively or defensively, related in any way to any loan or commitment to lend made by the Failed Bank [WaMu] prior to failure, or to any loan made by a third party in connection with a loan which is or was held by the Failed Bank, or otherwise arising in connection with the Failed Bank's lending or loan purchase activities <u>are specifically not assumed by the Assuming Bank [Chase].</u>

(Capuano Aff. Ex. D. at 9 (emphasis added).) Then, on February 11, 2010, Chase assigned Plaintiff's mortgages to Deutsche Bank

3

National Trust Company ("Deutsche Bank"). (Def. 56.1 ¶ 7; Capuano Aff. Ex. B.).

Chase was not served with the Summons and Complaint until March 3, 2010, nearly three weeks after it assigned Plaintiff's mortgage to Deutsche Bank. (Docket Entries 11-12.)

II. Procedural Background

Plaintiff filed his Complaint on May 27, 2009 seeking a rescission of the mortgages and $545,000 in monetary relief. (Docket Entry 1.) Defendant filed its Answer on March 19, 2010, asserting as defenses, inter alia, that Plaintiff failed to join a necessary party, that Plaintiff, as a matter of law, cannot obtain the relief he seeks from Chase, and that Plaintiff's damages were caused by third parties over which Chase had no control. (Docket Entry 14.) In response, Plaintiff filed a "[m]otion to join parties (Defendants) with additional complaints at the end."[3] (Docket Entry 36.) Plaintiff then filed another proposed amended complaint, titled "Complaint and Summons (piggyback to Civil Action No. 09-cv-02390-JS)." (Docket Entry 51.) Defendant opposed Plaintiff's attempts to amend his Complaint, asserting that the proposed amended complaints violated Rule 8 of the Federal Rules of Civil Procedure. (Docket Entries 38, 55.) While Plaintiff's motions

---

[3] Although labeled as a motion, the filing contained only the proposed amended complaint, with no accompanying motion or memorandum in support.

4

were pending, Defendant moved for summary judgment. (Docket Entry 83.)

On September 21, 2011, this Court denied Plaintiff's motions to amend his Complaint but granted him leave to refile within thirty days. (Docket No. 102.)[4] The Court warned Plaintiff that if he "does not move to amend . . . or if his timely motion to amend is denied, his original Complaint will remain the operative Complaint and the Court will address the merits of Defendant's motion for summary judgment." (Docket Entry 108 at 2.) Plaintiff's deadline for filing a new motion to amend was extended through January 9, 2012. (Docket Entries 105, 108.) As Plaintiff has failed to file a new motion to amend, the Court now turns to Defendant's summary judgment motion.

DISCUSSION

I. Standard of Review

"Summary judgment is appropriate where there are no genuine disputes concerning any material facts, and where the moving party is entitled to judgment as a matter of law." Harvis Trien & Beck, P.C. v. Fed. Home Loan Mortg. Corp. (In re

---

[4] In that Memorandum and Order, the Court also ordered Plaintiff to show cause why leave-to-file sanctions should not be imposed for Plaintiff's repeated and flagrant disregard of the Court's orders regarding filing motions to consolidate. Plaintiff never responded to the Court's Order to show cause; however, since the Court is granting summary judgment in favor of Defendant, the issue is now moot.

5

Blackwood Assocs., L.P.), 153 F.3d 61, 67 (2d Cir. 1998) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); FED. R. CIV. P. 56(c)); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

"The burden of showing the absence of any genuine dispute as to a material fact rests on the party seeking summary judgment." McLee v. Chrysler Corp., 109 F.3d 130, 134 (2d Cir. 1997); see also Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). "In assessing the record to determine whether there is a genuine issue to be tried as to any material fact, the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." McLee, 109 F.3d at 134.

"Although the moving party bears the initial burden of establishing that there are no genuine issues of material fact, once such a showing is made, the non-movant must 'set forth specific facts showing that there is a genuine issue for trial.'" Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (quoting Anderson, 477 U.S. at 256). Where, as here, the non-moving party is proceeding pro se, the Court should "read [the pro se party's] supporting papers liberally, and . . . interpret them to raise the strongest arguments that

6

they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). "However, a pro se party's 'bald assertion,' completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment." Lee v. Coughlin, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (quoting Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991)); accord Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986) ("Mere conclusory allegations or denials will not suffice." (citation omitted)); Weinstock, 224 F.3d at 41 ("[U]nsupported allegations do not create a material issue of fact." (citing Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995))).

II. Defendant's Motion

Defendant argues that Plaintiff's Complaint must be dismissed because, as a matter of law, none of the relief Plaintiff seeks can be obtained from Defendant. The Court agrees.

A. Rescission

Plaintiff seeks to have his mortgages rescinded by Chase on the grounds of fraud and other alleged misconduct that occurred at the closing. (Compl. ¶ IV(a).) However, on February 11, 2011, Defendant assigned Plaintiff's mortgages to Deutsche Bank. (Capuano Aff. Ex. B.)

Courts in the Second Circuit have consistently held that "[a]n assignor who has assigned all right and interest to

7

another . . . has no interest to protect" and thus is not a proper party. Fed. Deposit Ins. Corp. v. Huntington Towers, Ltd., 443 F. Supp. 316, 319-20 (E.D.N.Y. 1977) (collecting cases); see also Durant v. Traditional Invs., Ltd., 135 F.R.D. 42, 45 (S.D.N.Y. 1991) ("[A]n assignor is not an indispensable party and would not even be a [party] to be joined if feasible." (internal quotation marks and citation omitted) (collecting cases). Because Defendant is not the holder of the mortgage, it has no power to rescind. Cf. Hayrioglu v. Granite Capital Funding, L.L.C., 794 F. Supp. 2d 405, 416 (E.D.N.Y. 2011). Accordingly, Plaintiff's claims against Chase for rescission are DISMISSED.

    B.    Monetary Relief

Plaintiff's claims for monetary relief against Chase similarly fail. Defendant argues that although it purchased Plaintiff's mortgages from WaMu, the FDIC, not Chase, is the proper party. The Court agrees. Several federal courts have interpreted the same Agreement and dismissed claims against Chase arising out of WaMu's loan agreements because "in purchasing WaMu's assets and liabilities from the FDIC under the [Agreement], Chase did not assume liability for WaMu's alleged misconduct in procuring the loans." Mazur v. Wash. Mut. Bank, F.A., No. 09-CV-13371, 2011 WL 108926, at *5 (E.D. Mich. Jan. 10, 2011) (collecting cases); see also Yeomalakis v. F.D.I.C.,

8

562 F.3d 56, 60 (1st Cir. 2009); Cassese v. Wash. Mut., Inc., No. 05-CV-2724, 2008 WL 7022845, at *2-3 (E.D.N.Y. Dec. 22, 2008); Dipaola v. JPMorgan Chase Bank, No. 11-CV-2605, 2011 WL 3501756, *3 (N.D. Cal. Aug. 10, 2011); Hanaway v. JPMorgan Chase Bank, No. 10-CV-1809, 2011 WL 672559, *2 (C.D. Cal. Feb. 15, 2011); McCann v. Quality Loan Serv. Corp., 729 F. Supp. 2d 1238, 1241-42 (W.D. Wash. 2010). Therefore, Plaintiff's claims against Chase fail as a matter of law and are hereby DISMISSED.

III. Plaintiff's Opposition

In opposition, Plaintiff argues, inter alia,[5] that Defendant's "motion should be denied because the summary for judgment [sic] was not filed on a timely basis as required by law (30 days after close of discovery)." (Docket Entry 90 ¶ 3.) Here, discovery closed on March 3, 2011, and Defendant did not file its motion until May 13, 2011--more than 30 days after the close of discovery. While Rule 56 of the Federal Rules of Civil Procedure provides that "a party may file a motion for summary judgment at any time until 30 days after the close of discovery," a different time may be set by court order. FED. R. CIV. P. 56(b).

---

[5] Most of the arguments in Plaintiff's opposition are irrelevant and non-responsive to the arguments raised by Defendant (i.e., Plaintiff devotes most of his opposition to the alleged wrongdoing of the appraiser), so the Court will not address them.

9

Magistrate Judge William D. Wall set a deadline of April 15, 2011 to "begin the dispositive motion practice." (Docket Entry 71.) Pursuant to the undersigned's Individual Practices, a party begins the dispositive motion process by serving a 56.1 Statement on its opponent. Defendant complied with Judge Wall's Order, serving its 56.1 Statement on Plaintiff on March 25, 2011. Then, on May 10, 2011, after receiving Defendant's letter request for a pre-motion conference, the Court granted Defendant leave to move for summary judgment "when it wishes." Thus, Defendant's motion for summary judgment, filed on May 13, 2011, was timely.

## CONCLUSION

Because, as a matter of law, Plaintiff cannot obtain the relief he seeks from Defendant for any of his claims, there is no issue of fact requiring trial. Accordingly, the Court GRANTS Defendant's motion for summary judgment.

Additionally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

Counsel for Defendant is ORDERED to serve a copy of this Memorandum and Order on the pro se Plaintiff and file proof of service on ECF within seven (7) days of the date of this

10

Order. The Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated: February 23, 2012
       Central Islip, New York